## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 7:26CR1 |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| **KEVIN MICHAEL ROBINSON** | ) | In violation of: |
| | ) | 18 U.S.C. § 2252A |
| **Defendant.** | ) | 18 U.S.C. § 1466A |

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JAN 15 2026

LAURA A. AUSTIN, CLERK
BY: _____ DEPUTY CLERK

The Grand Jury charges:

### COUNT ONE
*Receipt of Child Pornography*

1.      Between on or about June 18, 2025, to on or about June 30, 2025, in the Western District of Virginia and elsewhere, the defendant, KEVIN MICHAEL ROBINSON, knowingly received any child pornography, as defined in 18 U.S.C. § 2256(8)(A), (C), namely, (i) at least one visual depiction of sexually explicit conduct where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and (ii) at least one visual depiction that had been created, adapted, and modified to appear that an identifiable minor was engaging in sexually explicit conduct.

2.      The child pornography was received using any means and facility of interstate and foreign commerce, had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

3.      Before the defendant, KEVIN MICHAEL ROBINSON, committed the offense charged in this count, he had at least one prior conviction under the Uniform Code

of Military Justice relating to the production, possession, receipt, mailing, sale, distribution, shipment, and transportation of child pornography.

4.　　All in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

## COUNT TWO
*Receipt of Obscene Visual Representations of the Sexual Abuse of Children*

5.　　Between on or about June 18, 2025, to on or about June 30, 2025, in the Western District of Virginia and elsewhere, the defendant, KEVIN MICHAEL ROBINSON, knowingly received at least one obscene visual depiction of a minor engaging in sexually explicit conduct, which visual depiction had been mailed; shipped and transported in interstate and foreign commerce by any means, including by computer; and was produced using materials that had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer.

6.　　Before the defendant, KEVIN MICHAEL ROBINSON, committed the offense charged in this count, he had at least one prior conviction under the Uniform Code of Military Justice relating to the production, possession, receipt, mailing, sale, distribution, shipment, and transportation of child pornography.

7.　　All in violation of 18 U.S.C. § 1466A(a)(1), (d)(4).

## NOTICE OF FORFEITURE

8.　　The allegations contained in Counts One and Two of this Indictment are incorporated by reference for this forfeiture allegation.

9.    Upon conviction of a violation of 18 U.S.C. § 2252A, as alleged in this Indictment, the defendant, KEVIN MICHAEL ROBINSON, shall forfeit to the United States:

a.    Per 18 U.S.C. § 2253(a)(1): Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of 18 U.S.C. Chapter 110.

b.    Per 18 U.S.C. § 2253(a)(2): Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense.

c.    Pursuant to 18 U.S.C. § 2253(a)(3): Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

10.    Upon conviction of a violation of 18 U.S.C. § 1466A, as alleged in this Indictment, the defendant, KEVIN MICHAEL ROBINSON, shall forfeit to the United States:

a.    Per 18 U.S.C. § 1467(a)(1): Any obscene material produced, transported, mailed, shipped, or received in violation of 18 U.S.C. Chapter 71.

b.    Per 18 U.S.C. § 1467(a)(2): Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense.

c.    Per 18 U.S.C. § 1467(a)(3): Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3

11.    The property to be forfeited includes, but is not limited to, the following:

   a.    A Samsung Galaxy S25, serial number R3CY50856FL.

12.    If any of the property described above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 1467(c) and 2253(b).

A **TRUE BILL**, this 15th day of January, 2026.

/s/ *Grand Jury Foreperson*
GRAND JURY FOREPERSON

ROBERT N. TRACCI
Acting United States Attorney

MATTHEW M. MILLER
Executive Assistant U.S. Attorney

4