IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA

v.

KEVIN MICHAEL ROBINSON,

*Defendant.*

Case No. 7:26-CR-00001

**AGREED STATEMENT OF FACTS**

## I. USE OF STATEMENT

This statement summarizes the facts and circumstances surrounding the criminal conduct in this case. It does not contain all information uncovered during the investigation and applicable to an accurate presentence investigation report and Sentencing Guidelines calculation. This statement is not protected by proffer or other agreement, and the parties agree it is wholly admissible at trial notwithstanding contrary statutes or rules, including Federal Rules of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11.

## II. FACTS

On or about June 20, 2018, defendant Kevin Michael Robinson pled guilty at a general court-martial to distribution of pornography, possession of child pornography, viewing of child pornography, communicating indecent language, solicitation of production of child pornography, solicitation of distribution of child pornography, and

FILED IN OPEN COURT
DATE 9/1/2026
BY K. Anglim
DEPUTY CLERK
Roanoke DIVISION, WD of VA

attempt to child distribute pornography (two specifications[1]). After Robinson's release from prison on or about June 9, 2025, he began mandatory supervised release ("MSR").[2]

On or about June 11, 2025, Robinson met his assigned U.S. Probation Officer ("PO") at her office in Roanoke. The PO gave Robinson a copy of his computer monitoring agreement. On or about June 18, 2025, Internet Probation & Parole Control ("IPPC") monitoring software was installed on Robinson's cellphone.

On or about July 1, 2025, IPPC notified Robinson's PO that on June 30, 2025, the software detected child sex abuse material ("CSAM") on Robinson's cellphone. The same day, several POs met Robinson at his home in Wirtz, Virginia, within the Western District of Virginia. Robinson admitted to viewing inappropriate material, expressed remorse, and said he wasn't ready for a smartphone.

A specially trained PO later obtained a full extraction of Robinson's cellphone data and analyzed it. This PO's report identified 20,200 images and 101 videos of sexually explicit content, including CSAM. The media was primarily recovered from several cellphone applications, including an app designed for hiding files within the user's phone.

By about October 15, 2025, an FBI special agent completed his review of Robinson's phone data. It held two categories of CSAM. First, there was "child pornography," as defined by 18 U.S.C. § 2256(8)(A), (C), meaning visual depictions where the production involved the use of a real minor engaging in sexually explicit conduct and

---

[1] Under the Uniform Code of Military Justice ("UCMJ"), charged counts are referred to as "specifications."

[2] In the military justice system, MSR functions like parole. Robinson's MSR was to run until his full prison term would have ended in 2028.

visual depictions created, adapted, or modified to appear that an identifiable minor was engaging in sexually explicit conduct. Second, there were "obscene child representations" under 18 U.S.C. § 1466A(a), which included obscene animated/computer-generated imagery of minors engaging in sexually explicit conduct.

The agent identified approximately 50 images and 4 videos of child pornography. These included prepubescent children engaging in sex acts. Some of the sex acts were sadistic or appeared to cause pain to the children.

The agent identified approximately 1,766 images and 82 videos of obscene child representations. These representations ran the gamut from caricatured cartoons to highly realistic, AI-generated or computer-generated imagery. All of it depicted minors, including infants, toddlers, and prepubescent children engaging in sex acts or being sexually abused, including depictions of sexual sadism and torture.

All of Robinson's CSAM had been shipped and transported using means and facilities of interstate and foreign commerce (including the Internet and Robinson's cellphone and apps) and in and affecting interstate and foreign commerce. It was also produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce, like computers and cameras.

On or about July 16, 2025, Robinson used a different phone to transmit several images of CSAM from his email account. An investigator with the Franklin County Sheriff's Office ("FCSO") received a cyber tip from the National Center for Missing & Exploited Children based on Robinson's email transmissions. On or about January 13, 2026, FCSO investigators executed a search warrant on Robinson's Wirtz residence. They

seized two cellphones from Robinson. One of those cellphones contained many images and videos of CSAM, including depictions of infants and toddlers being sexually abused.

Respectfully submitted,

*/s/ Drew O. Inman*

DREW O. INMAN
Assistant United States Attorney

I have reviewed this Agreed Statement of Facts with my attorney, and I agree that it is true and accurate.

KEVIN MICHAEL ROBINSON
Defendant

SHEILA MOHEB, ESQ.
Defense Counsel

DATED: September 1st, 2026.